SUMMARY ORDER

Petitioner Xiang Quan Lin, a native and citizen of the People’s Republic of China, seeks review of a November 15, 2007 order of the BIA denying his motion to reopen. In re Xiang Quan Lin, No. A071 498 570 (B.I.A. Nov. 15, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Lin’s untimely motion to reopen.
Lin argues that the BIA erred in concluding that he failed to demonstrate material changed country conditions sufficient to excuse his untimely motion to reopen. However, this argument fails where we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to re *698 open and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions. See id. at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”).
Lin further argues that the BIA abused its discretion when it found that his failure to authenticate the purported Village Committee notice diminished the weight of that document. While he correctly asserts that the agency errs when it rejects a document solely based on an individual’s failure to authenticate pursuant to 8 C.F.R. § 287.6; see Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 403 (2d Cir.2005), we find no abuse of discretion here, where the BIA also found that the notice was a photocopy and that Lin had failed to provide information about the circumstances surrounding its procurement. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant’s evidence in immigration proceedings lies largely within the discretion of the agency).
Moreover, we reject Lin’s argument that the BIA abuses its discretion when it declines to consider evidence that is not in the record merely because it was in the record of a different case. Indeed, it was Lin’s burden to present evidence to support his motion. See 8 U.S.C. § 1229a (c)(7)(B); 8 C.F.R. § 1003.2(c)(1). Nor will this Court remand for the agency to consider extra-record evidence. Xiao Xing Ni v. Gonzales, 494 F.3d 260, 269-70 (2d Cir.2007); see also id. at 262 (noting that the “regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence”). Lin filed his motion to reopen in November 2007, after this Court decided Shou Yung Guo, but he did not submit the so-called Quo documents with his motion to reopen. Accordingly, we cannot conclude that the BIA abused its discretion in declining to consider the Guo documents. See id. at 262.
Further, Lin’s argument that he was eligible to file a successive asylum application based on changed personal circumstances is foreclosed by our decision in Yuen Jin v. Mukasey, 538 F.3d 143, 156, 158-59 (2d Cir.2008).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).